UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONS GATE ENTERTAINMENT INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>YAGOOZON, INC., a Delaware corporation, WINNING COSTUMES, LLC, a Florida limited liability company, BENJAMIN LIGERI, an individual, JUSTIN LIGERI, an individual, SINO CREATION GIFTS AND PROMOTION CO., LTD., and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:12-cv-10653 JFW (FFMx)<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>Judge: Hon. John F. Walter<br><br>Complaint Filed: December 12, 2012<br>Trial Date:     TBD<br><br>**Note changes made by Court.** |

Pursuant to Fed. R. Civ. P. 26(c), it is hereby stipulated and agreed, by and among, on the one hand, plaintiff Lions Gate Entertainment Inc. ("Lions Gate") and, on the other hand, defendants Yagoozon, Inc., Winning Costumes, LLC, Benjamin Ligeri, and Justin Ligeri (collectively, "Defendants"), through the parties' respective counsel of record, that discovery in, and litigation of, this action (and any further actions among these parties) may involve requests for the production of information and documents that the responding parties consider to be confidential, proprietary or competitively sensitive. The parties believe that a protective order restricting the use and dissemination of confidential, proprietary, and competitively sensitive

information and documents is necessary and appropriate to facilitate discovery and litigation in this action.  The parties also believe that such an order is necessary and appropriate to enable the parties to conduct discovery of non-parties that may have similar concerns regarding their confidential, proprietary or competitively sensitive information and documents.

Accordingly, the Court hereby orders the following:

1.  Any confidential information or documents produced by or on behalf of any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Confidential-Outside Counsel Only" (referred to herein as "Outside Counsel Only") (collectively, "Protected Information").  As a general guideline, any information that is publicly available should not be designated as Protected Information.  A document should be designated "<u>Confidential</u>" when it contains or reflects confidential business information, relating to information which the disclosing party or non-party believes in good faith contains, constitutes or reveals non-public customer lists, financial information relating to pricing, gross revenue and profits for products, or other information of a confidential, proprietary, private or personal nature.

2.  Information or documents designated "<u>Outside Counsel Only</u>" shall be limited to trade secrets as defined by Cal. Civil Code § 3426.1 or marketing plans or strategies, market surveys, business plans, pricing plans, strategic plans, license agreements or negotiations, distribution agreements, manufacturing agreements, manufacturing processes, manufacturing drawings, employee files, merchandising, research and development of products and technical matters not yet released or sold, financial information or projections, including, without limitation, budgets, net worth, identity of shareholders, or other documents relating to total revenue earned, and asset information that is not public knowledge.

3.  Protected Information may be used only in connection with this proceeding, and not for any other purpose.  Such information may not be disclosed

to anyone except as provided in this Protective Order.

4. Any party or non-party wishing to come within the provisions of this Protective Order may designate in writing the documents (as defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001) or portions thereof that it considers confidential at the time the documents are produced. Each page of the document must be marked "Confidential" or "Outside Counsel Only" by the producing party, and any confidential documents exchanged prior to this Protective Order being entered by the Court shall, within a reasonable time hereafter, be so marked on each such page, if such markings do not include every such page. It is the intent of the parties that each document previously designated as Protected Information and transmitted to the respective other party, including any such documents and information exchanged for settlement purposes, are to be covered by this Protective Order. Protected Information that cannot be reasonably labeled pursuant to this paragraph shall be so designated by the producing party by informing the receiving party in writing.

5. In the instance of deposition testimony, the witness under deposition or his counsel shall invoke the provisions of this Protective Order in a timely manner and designate the level of restriction. During the deposition, parties shall be excluded from testimony designated "Outside Counsel Only." The witness under deposition or his counsel shall have the right, within fifteen calendar days of receiving a transcript of the deposition, to designate, or change, the confidentiality designation of the transcript or portions thereof. For depositions containing some Protected Information and some non- Protected Information, a separate confidential transcript, apart from the usual transcript, shall be prepared by the court reporter. Counsel for the party asserting that certain documents or testimony is Protected Information shall endeavor to characterize the level of confidentiality for the confidential material or testimony during the deposition.

6. Any documents, discovery responses or deposition transcripts stamped

or marked "Outside Counsel Only," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "Outside Counsel Only" may be made available only to:

    a.    Attorneys of record for the receiving party and employees of such attorneys on a need to know basis;

    b.    Judges, law clerks and other personnel of the Court before which this proceeding is pending;

    c.    Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party, and whom the receiving party identifies to the producing party seven calendar days prior to disclosure to such expert;

    d.    Court reporters and their staff that are required to transcribe testimony; and

    e.    Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators.

    f.    Any person who is identified on the face of any designated "Outside Counsel Only" material as an author or recipient thereof; and

    g.    Any person who is determined to have been an author and/or previous recipient of "Outside Counsel Only" designated material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the "Outside Counsel Only" designated material by such person.

Notwithstanding the provisions of Paragraph 6, specifically identified information, documents, testimony, or other confidential materials marked "Outside Counsel Only" may be disclosed to principals or general counsel of the receiving party on a need to know basis.  The parties recognize that the disclosure of such confidential material to the principals or general counsel of the parties may be critical to the ability to proceed in this case and analyze and participate in settlement discussions.

7. Any documents, discovery responses or deposition transcripts stamped "Confidential," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be made available only to:

    a. Representatives of the parties on a need to know basis;

    b. Attorneys of record for the receiving party and employees of such attorneys on a need to know basis;

    c. Judges, law clerks and other personnel of the Court before which this proceeding is pending;

    d. Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party, and whom the receiving party identifies to the producing party seven calendar days prior to disclosure to such expert;

    e. Court reporters and their staff that are required to transcribe testimony;

    f. Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

    g. Any person who is identified on the face of any designated "Confidential" material as an author or recipient thereof; and

    h. Any person who is determined to have been an author and/or previous recipient of "Confidential" designated material, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the "Confidential" designated material by such person;

8. Written notice of intention to provide information or documents to experts pursuant to Paragraphs 6(c) and 7(d), shall be provided by facsimile or email seven calendar days before the intended disclosure and shall specify the identity of the individual(s) to whom the intended disclosure will be made, and that person's occupation and employer. If there is a written objection within the seven-day period

1  and the objection is not resolved between counsel, the party seeking disclosure shall
2  not disclose the information or documents, but shall have the right to bring the
3  dispute before the Court for resolution.  The parties shall not unreasonably object to
4  the disclosure of information and documents to experts pursuant to Paragraph 6(c)
5  and 7(d).  The party objecting to the disclosure shall have the burden of showing
6  why the information or documents should not be disclosed to the identified expert.
7  The parties further agree that an expert whose identity is disclosed pursuant to this
8  paragraph cannot be deposed regarding any subject related to this litigation, unless
9  the expert has been designated as a testifying expert by the retaining party, and then
10 in a manner consistent with the Federal Rules of Civil Procedure governing expert
11 discovery.

12      9.     For purposes of this Protective Order, an expert witness shall not be
13 deemed to be "independent" if he is (a) a party to this litigation, or an officer,
14 shareholder, owner, manager, partner, distributor, seller, advertiser, independent
15 contractor, affiliate, director, employee, former employee or contractor, or relative
16 of a party to this litigation, or a party's parent, subsidiary, predecessor-in-interest,
17 successor-in-interest, related entity or affiliate; or (b) an officer, shareholder, owner,
18 manager, partner, distributor, seller, advertiser, independent contractor, affiliate,
19 director, employee, former employee or contractor, or relative of a direct competitor
20 to a party to this litigation, or the competitor's parent, subsidiary, predecessor-in-
21 interest, successor-in-interest, related entity or affiliate.

22      10.     Each person identified in Paragraphs 6(c), 7(a), or 7(d) permitted by the
23 parties or their counsel to have access to designated information or documents under
24 the terms of this Protective Order shall, prior to being given such access, be
25 provided with a copy of this Protective Order for review.  Upon receiving this
26 Protective Order, each person shall sign a statement in the form of **Exhibit A** hereto
27 indicating that he has read the Protective Order and agrees to comply with its terms.

28      11.     The restrictions set forth in this Protective Order shall not apply to

1  information that is known to the receiving party or the public before the date of its
2  transmission to the receiving party, or which becomes known to the public after the
3  date of its transmission to the receiving party, provided that such information does
4  not become publicly known by any act or omission of the receiving party, its
5  employees, or its agents that would be in violation of this Protective Order.

6      12.    If, in connection with this action, a producing party inadvertently
7  discloses information subject to a claim of attorney-client privilege, work product
8  immunity, or any other protection provided under the law ("Inadvertently Disclosed
9  Privileged Information"), the disclosure of the Inadvertently Disclosed Privileged
10 Information will not constitute or be deemed a waiver or forfeiture of any claim of
11 privilege, work product immunity, or any other protection that the producing party
12 would otherwise be entitled to assert with respect to the Inadvertently Disclosed
13 Privileged Information and its subject matter.  If a claim of inadvertent disclosure is
14 made by a producing party with respect to Inadvertently Disclosed Privileged
15 Information, the receiving party: (a) will, within five (5) business days, return or
16 destroy all copies of the Inadvertently Disclosed Privileged Information and certify
17 that all such Inadvertently Disclosed Privileged Information has been returned or
18 destroyed; and (b) must take reasonable steps to retrieve the information if the
19 receiving party disclosed it before being notified by the producing party.

20     13.    Any document or evidence that is designated as Protected Information
21 and that a party wishes to file with the Court shall be presented to the Court along
22 with a written application and proposed order for filing under seal according to the
23 procedures set forth in Local Civil Rule 79-5.1.  Furthermore, any such document or
24 evidence so presented to the Court shall be placed in a sealed envelope or other
25 appropriate sealed container marked on the outside with the title of the instant
26 action, and a statement substantially in following form:

27                                      CONFIDENTIAL
28

> This document is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with that Order.

Any other party shall be permitted to file a supporting or supplemental brief within four business days of the initial motion for filing under seal being filed. All papers and filings with the Court that refer or rely upon any document or evidence filed under seal shall designate the particular aspects that are confidential.

14. If, at any time during the preparation for trial, any party believes that any other party or non-party has improperly designated certain information as Privileged Information or believes that it is necessary to disclose Privileged Information to persons other than those permitted by this Protective Order, and the producing party does not agree to change the designation or to the further disclosure, the objecting party may make an appropriate motion to the Court requesting that the specifically identified documents, information and/or deposition testimony be excluded from the provisions of this Protective Order or be available to specified other persons. It shall be the burden of the party that makes the designation to demonstrate that the material or information at issue was properly designated. It shall be the burden of the party seeking the disclosure to persons other than those designated in this Protective Order to show that such disclosure is necessary. **Any such motion must comply with Local Rule 37. (FFM)**

15. In the event that a party is served with a discovery request, subpoena, or order by any person, firm, corporation, or other entity that is not a party to this action, is not a signatory to this Protective Order or otherwise is not bound by this Protective Order, that seeks to compel production of Protected Information, the party upon whom the discovery request, subpoena, or order is served shall give written notice of the discovery request, subpoena, or order to the party that has asserted that the information or documents subject to the subpoena are Protected Information. The written notice required by this paragraph shall be given no later than ten calendar days after receipt of the discovery request, subpoena, or order or

before the production date fixed by the applicable discovery rule, subpoena, or order, whichever is earlier.  The party who designated the subject information or documents as Protected Information shall have the responsibility to obtain an order from the Court quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents.  If such a motion is filed before the requested production date, the party upon whom the discovery request, subpoena, or order was served shall not produce the subject information or documents requested in the discovery request, subpoena, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order.  If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the discovery request, subpoena, or order was served shall comply with the order.  If no motion to quash or motion for protective order is filed before the scheduled production date fixed by the applicable discovery rule, subpoena, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the discovery request, subpoena, or order was served may comply with the same without being deemed to have violated this Protective Order.

16. The Protective Order may be modified only in writing by the parties and approved by an order of the Court, or by motion to the Court.

17. In the event that this case proceeds to trial, all information or documents designated as "Confidential" or "Outside Counsel Only" will become public and presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

18. Upon termination of this proceeding, unless the attorneys of record otherwise agree in writing, each party shall:  (a) assemble and return all Protected Information, including copies, to the person(s) and entity(ies) from whom the material was obtained; or (b) destroy all Protected Information and provide the other party with written certification that such destruction was made.  The attorney of

record may retain one copy of any designated materials, to be kept confidentially, and retain all copies of designated materials containing attorney work product information.

19. In the event any party discloses material containing Protected Information, but that such party inadvertently did not designate as "Confidential" or "Outside Counsel Only," the receiving party agrees, upon request by the disclosing party, to return the un-designated material promptly, for reproduction by the disclosing party with the appropriate confidentiality, or to mark the material directly with the confidentiality designation requested by the disclosing party.

20. This Protective Order shall not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

Ordered this 23rd day of May, 2013.

/S/ FREDERICK F. MUMM
United States Magistrate Judge

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | **EXHIBIT A** |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# CONFIDENTIALITY AGREEMENT FOR OTHERS

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" or "Outside Counsel Only" within the terms of the Protective Order entered in the U.S. District Court, Central District of California, case entitled *Lions Gate Entertainment Inc. v. Yagoozon, Inc., et al.*, Case No. CV 12-10653-JFW-FFM

2. I have read the aforementioned Protective Order, and agree to be bound by it.

3. I declare the foregoing is true under penalty of perjury under the laws of the United States of America.


Dated:_____


Name:_____