| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>  A Limited Liability Partnership<br>  Including Professional Corporations<br>JILL M. PIETRINI (Cal. Bar No. 138335)<br>  jpietrini@sheppardmullin.com<br>PAUL A. BOST (Cal. Bar No. 261531)<br>  pbost@sheppardmullin.com<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, California 90067-6055<br>Telephone:  (310) 228-3700 / Facsimile: (310) 228-3701 | JS-6 |

Attorneys for Plaintiff Lions Gate Entertainment Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LIONS GATE ENTERTAINMENT INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>       v.<br><br>YAGOOZON, INC., a Delaware corporation, WINNING COSTUMES, LLC, a Florida limited liability company, BENJAMIN LIGERI, an individual, JUSTIN LIGERI, an individual, SINO CREATION GIFTS AND PROMOTION CO., LTD., ALIBABA.COM, INC., and DOES 1-10, inclusive,<br><br>             Defendants. | Case No. 2:12-cv-10653-JFW-FFM<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**<br><br>Judge:  Hon. John F. Walter<br><br>Complaint Filed: December 12, 2012<br>Trial Date:         December 17, 2013 |

IT IS HEREBY STIPULATED by and between plaintiff Lions Gate Entertainment Inc., a Delaware limited liability company ("Lions Gate"), and defendants Yagoozon, Inc. Winning Costumes, LLC, Benjamin Ligeri, and Justin Ligeri, ("Defendants"), that a Judgment shall be entered to fully and finally dispose of this action and that the Judgment be as follows:

       1.       WHEREAS, Lions Gate is the owner of trademark rights derived from its corporate and business name, including the marks LIONS GATE, LIONSGATE,

1 and LIONS GATE HOME ENTERTAINMENT in block letters (collectively, the
2 "LIONS GATE Marks"). Lions Gate owns Reg. No. 3,289,133 of LIONSGATE,
3 Reg. No. 3,326,524 of LIONSGATE, and Reg. No. 2,692,777 of LIONS GATE
4 HOME ENTERTAINMENT, and such registrations are valid.

5     2.    Lions Gate is the producer and distributor of the motion picture *The*
6 *Hunger Games*. Lions Gate released *The Hunger Games* on March 23, 2012 in the
7 United States. Lions Gate released *The Hunger Games* on DVD and Blu-Ray and
8 for digital download on August 18, 2012. Lions Gate is currently developing three
9 motion picture sequels to *The Hunger Games* entitled, respectively, *The Hunger*
10 *Games: Catching Fire*, *The Hunger Games: Mockingjay - Part 1*, and *The Hunger*
11 *Games: Mockingjay - Part 2 (*collectively, with *The Hunger Games*, the "*Hunger*
12 *Games* Motion Pictures").

13     3.    Lions Gate is the owner of certain intellectual property rights derived
14 from *The Hunger Games*, and is the exclusive licensee of other intellectual property
15 rights derived from *The Hunger Games*, including the trademark HUNGER
16 GAMES. Lions Gate owns the flaming Mockingjay logo (the "Mockingjay Logo"),
17 derived from a pin featured prominently in the motion picture (the "Mockingjay
18 Pin"). Lions Gate's Mockingjay Logo is depicted below:

25 The foregoing trademark rights are referred to herein as the "HUNGER GAMES
26 Marks."

27     WHEREAS, on December 12, 2012, Lions Gate filed this action against
28 Yagoozon, Inc. Winning Costumes, LLC, Benjamin Ligeri, Justin Ligeri, Sino

Creation Gifts and Promotion Co., Ltd. seeking damages and injunctive relief for false designation of origin, trademark infringement, federal trademark dilution, copyright infringement, and unfair competition. Lions Gate alleged that Defendants were using the HUNGER GAMES Marks, the Mockingjay Logo, and the LIONS GATE Marks in interstate commerce in connection with their sale of pins associated with the *Hunger Games* Motion Pictures and that such use infringed Lions Gate's rights in such trademarks and copyrights associated with the *Hunger Games* Motion Pictures and merchandise related thereto.

WHEREAS, on January 28, 2013, Defendants filed their Answer to the Complaint. Defendants denied all wrongdoing alleged in the Complaint.

WHEREAS, Lions Gate and Defendants have entered into a Settlement Agreement dated November 15, 2013 (the "Agreement") with the mutual intention of resolving all disputes between them which arise from the allegations of the Complaint; and

WHEREAS, this Court has jurisdiction over the subject matter of this controversy pursuant to 15 U.S.C. § 1121(a) (Lanham Act jurisdiction), 17 U.S.C. § 501 (Copyright Act jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (trademark and copyright jurisdiction) and 28 U.S.C. § 1338(b) (unfair competition jurisdiction);

THE COURT HEREBY ORDERS, ADJUDGES AND DECREES:

1. <u>Permanent Injunction</u>. Defendants and their past and present officers, directors, servants, employees, representatives, successors, assigns, attorneys and agents, and all persons in active concert or participation with Defendants or with any of the foregoing, hereby agree to permanently refrain from:

    (a) Manufacturing, transporting, promoting, importing, advertising, marketing, publicizing, distributing, displaying, offering for sale or selling any good or service under any of the HUNGER GAMES Marks, the LIONS GATE Marks, the Mockingjay Logo, or any other mark, name, symbol, design or logo that is likely

to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Defendants caused to enter the stream of commerce are sponsored, licensed, or authorized by Lions Gate, or are connected, associated or affiliated with Lions Gate or the *Hunger Games* Motion Pictures, or is confusingly similar to or a reproduction, counterfeit, copy, or colorable imitation of, or incorporates, the HUNGER GAMES Marks, the LIONS GATE Marks, or the Mockingjay Logo;

   (b) Any and all commercial activities related to the *Hunger Games* Motion Pictures, including but not limited to, promoting, advertising, or selling goods and services related to the *Hunger Games* Motion Pictures or to the novels by Suzanne Collins on which the *Hunger Games* Motion Pictures are based, including but not limited to the wigs shown in **Exhibit A** hereto;

   (c) Implying Lions Gate's endorsement of any of Defendants' commercial activities, Defendants' goods or services, or Defendants' business, and representing that Lions Gate has endorsed, sponsored, licensed, or approved, or is affiliated or associated with Defendants or Defendants' products or that Defendants' products are affiliated, associated or connected with the *Hunger Games* Motion Pictures;

   (d) Copying, distributing, featuring, using or displaying the Mockingjay Logo or any copyrighted images, artwork, photography, stills or clips or any other copyrightable subject matter from or related to or from the *Hunger Games* Motion Pictures or trailers therefor, or any images, artwork, photography, stills or clips substantially similar thereto;

   (e) Engaging in any act which is likely to dilute the distinctive quality of the LIONS GATE Marks, the HUNGER GAMES Marks, or the Mockingjay Logo and/or injures Lions Gate's business reputation; and

   (f) Assisting, inducing, aiding or abetting any person or business entity in engaging in or performing any of the activities referred to in sub-

paragraphs (a) through (e), inclusive, above.

2.  <u>Ability to Sell Officially Licensed Merchandise</u>.  Paragraph 1 and Paragraph 4 shall not preclude Defendants from buying, selling, advertising, and promoting officially licensed merchandise not related to the *Hunger Games* Motion Pictures, it being understood that Lions Gate is not responsible for the negotiations and ability of Defendants to purchase licensed merchandise from its licensees. Defendants shall not sell any *Hunger Games*-related merchandise regardless of whether the mark HUNGER GAMES appears on the products or the labels of packaging therefor, licensed or unlicensed, at any time.

3.  <u>Dismissal of Defendant Sino Creation Gifts and Promotion Co., Ltd.</u>  The parties stipulate to the dismissal without prejudice of defendant Sino Creation Gifts and Promotion Co., Ltd.

4.  <u>Delivery and Destruction of Infringing Articles</u>.  Within ten (10) court days of entry of this Judgment, Defendants shall:  (a) deliver all remaining pins or other unlicensed products bearing the HUNGER GAMES Marks, the LIONS GATE Marks, the Mockingjay Logo, or any other intellectual property associated with the *Hunger Games* Motion Pictures to Lions Gates' attorney of record; (b) deliver all printed graphics, promotional materials, labels, boxes, packaging, advertisements, patterns, and any other items in any of their possession, custody, or control bearing any of the LIONS GATE Marks, the HUNGER GAMES Marks, the Mockingjay Logo, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the LIONS GATE Marks, the HUNGER GAMES Marks or the Mockingjay Logo or any other copyrightable material from the *Hunger Games* Motion Pictures; and (c) delete or alter all electronic media under its control (including, without limitation, web pages, electronic tags, and metatags) so as to remove all uses of the HUNGER GAMES Marks, the LIONS GATE Marks, the Mockingjay Logo, or any other intellectual property associated with the *Hunger Games* Motion Pictures.

5. <u>Proof of Compliance</u>. Within fourteen (14) court days from the Court's entry of the Judgment, Defendants shall serve upon Lions Gate a declaration under penalty of perjury that they have complied with the terms of the Judgment and the Agreement.

6. <u>Attorneys' Fees and Costs</u>. Each party shall bear its own attorneys' fees and costs arising out of, related to, or incurred in this action, except as provided in the Agreement.

7. <u>Violation of Judgment – Contempt of Court</u>. In the event that any part of this Judgment is violated by Defendants, or by any of their present or former officers, directors, agents, servants, employees, or representatives, or by any person in active concert and participation with Defendants that receives notice of this Judgment, Lions Gate may file and serve a motion for contempt seeking damages, attorneys' fees, expert witness fees, and/or other appropriate relief.

8. <u>Violation of Judgment -- Prevailing Party Fees and Costs</u>. In an action or proceeding based upon an allegation that a party has violated this Judgment, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees, expert witness fees, and other costs incurred in connection with the action or proceeding. This paragraph shall not be construed to limit any party's rights, remedies or procedural options.

9. <u>Binding Effect</u>. This Judgment shall be binding upon and inure to the benefit of the parties and all successors, assigns, officers, directors, members, agents, and other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Judgment by personal service or otherwise.

10. <u>Continuing Jurisdiction</u>. This Court shall retain jurisdiction to enforce this Judgment and the Agreement.

11. <u>No Territorial Limit</u>. This Judgment shall be enforceable against any of Defendants for any acts that violate this Judgment that occur inside and/or outside

of the United States of America.

12. <u>Final Judgment</u>. This Judgment shall be a final adjudication of all claims alleged by Lions Gate in this action, and this Judgment is not appealable.

SO ORDERED.

Date: December 18, 2013

_____
United States District Court Judge

*Approved as to content and form:*

LIONS GATE ENTERTAINMENT INC.
*Plaintiff*

By: *B. James Gladstone*     Date: 12/3/13

Name: B. James Gladstone

Title: EVP & Secretary

YAGOOZON, INC.
*Defendant*

By: _____     Date: _____

Name: _____

Title: _____

WINNING COSTUMES, LLC
*Defendant*

By: _____     Date: _____

Name: _____

By: _____     Date: _____
    Benjamin Ligeri
    *Defendant*

By: _____     Date: _____
    Justin Ligeri
    *Defendant*

*Approved as to content and form:*

LIONS GATE ENTERTAINMENT INC.
*Plaintiff*

By: _____     Date: _____
Name:
Title:

YAGOOZON, INC.
*Defendant*

By: [signature]     Date: 11/26/13
Name: Justin Ligeri
Title: Owner

WINNING COSTUMES, LLC
*Defendant*

By: [signature]     Date: 11/26/13
Name: Justin Ligeri

By: _____     Date: _____
Benjamin Ligeri
*Defendant*

By: [signature]     Date: 11/26/13
Justin Ligeri
*Defendant*

*Approved as to form:*

SHEPPARD MULLIN RICHTER HAMPTON, LLP

-8-

```
 1 | Approved as to content and form:
 2 | LIONS GATE ENTERTAINMENT INC.
   | Plaintiff
 3 |
 4 | By:_____        Date:_____
 5 | Name:_____
 6 | Title:_____
 7 |
 8 | YAGOOZON, INC.
   | Defendant
 9 |
10 | By:_____        Date:_____
11 | Name:_____
12 | Title:_____
13 |
14 | WINNING COSTUMES, LLC
   | Defendant
15 |
16 | By:_____        Date:_____
17 | Name:_____
18 |
19 |
20 | By: [signature]                        Date: 11/27/13
21 |     Benjamin Ligeri
   |     Defendant
22 |
23 | By:_____        Date:_____
24 |     Justin Ligeri
   |     Defendant
25 |
26 |
27 |
28 |
```

-8-

*Approved as to form:*

SHEPPARD MULLIN RICHTER HAMPTON, LLP

By: /s/Jill M. Pietrini                            Date: December 3, 2013
    Jill M. Pietrini
    *Attorneys for Plaintiff*
    Lions Gate Entertainment Inc.

MASSERMAN & DUCEY

By:_____                 Date: _____
    Terri L. Masserman
    Mitchell F. Ducey
    *Attorneys for Defendants*
    Yagoozon, Inc. Winning
    Costumes, LLC, Benjamin Ligeri,
    and Justin Ligeri

SMRH:410044335.2

*Approved as to form:*

SHEPPARD MULLIN RICHTER HAMPTON, LLP

By:_____          Date: _____
   Jill M. Pietrini
   *Attorneys for Plaintiff*
   Lions Gate Entertainment Inc.

MASSERMAN & DUCEY

By:_____          Date: 12/2/2013
   Terri L. Masserman
   Mitchell F. Ducey
   *Attorneys for Defendants*
   Yagoozon, Inc. Winning Costumes, LLC, Benjamin Ligeri, and Justin Ligeri

SMRH:410044335.2

# EXHIBIT A

## **EXHIBIT A**







SMRH:414230461.1